IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE SOTO,
    Petitioner,

v.                                  Case No. 5:12cv198/RS/CJK

IMMIGRATION AND CUSTOMS
ENFORCEMENT AGENCY OF THE
DEPARTMENT OF HOMELAND SECURITY,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Respondent moves to dismiss the petition for lack of jurisdiction as moot. (Doc. 10). Petitioner has not responded, although given the opportunity to do so. (Doc. 11). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be dismissed for lack of jurisdiction, because petitioner is not in custody of the respondent and has failed to demonstrate his entitlement to proceed under § 2241.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida Department of Corrections currently confined at Gulf Correctional Institution Annex. (Doc. 1, p. 1). Petitioner is serving an eight-year sentence of incarceration imposed by the Circuit Court for Broward

County Florida on March 31, 2009. (*Id*.). Petitioner commenced this action on June 21, 2012, by filing a § 2241 petition challenging an alleged detainer placed on him by the Immigration and Customs Enforcement Agency ("ICE"). (*Id*., p. 2). Petitioner claims that the alleged detainer is "preventing the Department of Corrections from reducing [petitioner's] custody keeping him from rehabilitative programs and institutions." (*Id*.). As relief, petitioner seeks to "bring his body to answer the detainer or issue an order to Immigration and Customs Enforcement to remove this detainer." (*Id*., p. 8).

## DISCUSSION

Respondent moves to dismiss the petition as moot, arguing that no active ICE detainer exists, and that although an ICE detainer previously existed in 2004, it was cancelled on December 1, 2004. (Doc. 10). Respondent submits an affidavit from Gerald Powers, a Deportation Officer for the Miami Field Office of ICE. Mr. Powers asserts upon his personal knowledge, information obtained from other individuals employed by ICE, and information obtained from records maintained by ICE, that a check of all available ICE databases shows that there is currently no active ICE detainer in place for petitioner. (Doc. 10, Ex. 2). Respondent has also submitted a copy of the Florida Department of Corrections' Inmate Population Information Detail report showing that a past ICE detainer issued on March 3, 2004, was cancelled on December 1, 2004, and that the only active detainer on petitioner is one issued by the Miami Dade County Sheriff's Office on October 16, 2009. (*Id*., Ex. 1).

Section 2241 provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 s. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("We have interpreted the statutory

language [of 28 U.S.C. § 2241] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). The requirement that a petitioner be "in custody" is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402-03 (11th Cir.1988). For a petitioner to be "in custody," the authority against whom relief is sought must "exercise some control over the petitioner." *Id.* at 403. Respondent's exhibits demonstrate that ICE has no active detainer on petitioner and has not imposed any restraint on petitioner's liberty. Petitioner has not responded in opposition to respondent's motion, or provided any evidence or documentation tending to show that he is in ICE custody. As petitioner is not "in custody" of ICE for purposes of § 2241, this case should be dismissed.[1]

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 10) be GRANTED.
2. That petitioner's § 2241 petition (doc. 1) be DISMISSED.
3. That the Clerk be directed to close the file.

At Pensacola, Florida this 19th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The petition would be subject to dismissal even if an ICE detainer existed, because "[t]he filing of a detainer, standing alone, does not cause an alien to be in the custody of immigration officials such that he or she would be entitled to pursue habeas corpus relief under 28 U.S.C. § 2241." *United States v. Brito*, 347 F. App'x. 520, 521 (11th Cir. 2009) (*citing Orozco v. U.S. Immigration and Naturalization Serv.*, 911 F.2d 539, 541 & n. 2 (11th Cir. 1990) (affirming dismissal of alien's § 2241 petition challenging immigration detainer where INS had not commenced deportation proceedings; "The filing of the detainer, standing alone, did not cause [the petitioner] to come within the custody of the INS.")).

*Case No: 5:12cv198/RS/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).